IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI,                          :
                          Plaintiff,     :
                                         :
          v.                             :          CIVIL ACTION NO. 3:CV-04-0052
                                         :          (JUDGE KOSIK)
C.O. LINDLER,                            :
                          Defendant.     :

## MEMORANDUM AND ORDER

AND NOW, THIS 10th DAY OF JANUARY, 2006, IT APPEARING TO THE COURT

THAT:

[1] On January 9, 2004, plaintiff filed the above-captioned action pursuant

to 42 U.S.C. § 1983, against C.O. Lindler and thirty-seven other defendants;

[2] the matter was assigned to United States Magistrate Judge Thomas M.

Blewitt, who conducted a preliminary review of the Complaint pursuant to the

Prison Litigation Reform Act of 1995;

[3] on February 18, 2004, Magistrate Judge Blewitt entered an order (Doc.

14) directing the plaintiff to file an Amended Complaint that comported with

Federal Rules of Civil Procedure 8 and 20(a), including only those claims that

arose out of the same transaction or occurrence, and against defendants involved

in those claims;

[4] on March 8, 2004, the plaintiff filed an Amended Complaint (Doc. 16)

against C.O. Lindler in his individual and official capacity;

[5] the plaintiff's Amended Complaint contains two counts, Count I asserting

a First Amendment retaliation claim alleging that the defendant filed a misconduct

report against Bartelli in retaliation for a grievance that Bartelli filed against C.O. Lindler on February 6, 2003, and Count II including Fifth and Sixth Amendment claims alleging that the plaintiff was denied access to the law library while in solitary confinement as a result of the misconduct report;

[6] on April 29, 2004, this court denied the plaintiff's motion to further amend his complaint, dismissed Count II of the Amended Complaint, and dismissed the plaintiff's claims for monetary damages against the defendant in his official capacity (Doc. 31);

[7] the defendant filed a Motion for Summary Judgment on May 10, 2005, after the close of the discovery period (Doc. 126);

[8] both parties briefed the motion (Docs. 130, 142, 143);

[9] Magistrate Judge Blewitt issued a Report and Recommendation (Doc. 151) on September 22, 2005, suggesting that this court grant the defendant's Motion for Summary Judgment and dismiss the plaintiff's First Amendment retaliation claim as Bartelli failed to demonstrate that the grievance he filed against C.O. Lindler was a substantial or motivating factor in the February 23, 2003 misconduct report that C.O. Lindler issued against the plaintiff;

[10] the Magistrate Judge concluded that the defendant established that there was a legitimate, non-retaliatory basis for the defendant to issue the misconduct against Bartelli;

[11] Magistrate Judge Blewitt also noted that Bartelli pleaded guilty to the misconduct, countering any assertion that the misconduct report at issue was fabricated by the defendant;

[12] neither the plaintiff, nor the defendant filed objections to the Report and Recommendation.[1]

IT FURTHER APPEARING THAT:

[13] If no objections are filed to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of the plaintiff's claims.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985).   Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987);

[14] having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendation to grant the defendant's Motion for Summary Judgment;

[15] we concur with the Magistrate Judge's analysis of the issues raised in the defendants' motion and find the Magistrate Judge's review of the record to be comprehensive;

[16] specifically, we agree with the Magistrate Judge's conclusion that, as

---

[1]

Bartelli filed a document on November 14, 2005, entitled "Opposition Brief to Defendant's Motion for Summary Judgment." (Doc. 153).  The Brief can only be read as a Sur Reply Brief to the Motion for Summary Judgment. Specifically, it cannot be construed as Objections to the Report and Recommendation, as it does not address the conclusions of Magistrate Judge Blewitt's Report and Recommendation.  We will ignore the plaintiff's Sur Reply Brief as it was filed without leave of court in violation of Local Rule 7.7.  We also note that the plaintiff is an experienced *pro se* litigant with over a dozen matters recently before this court.  Accordingly, he is familiar with the procedures governing the filing of Objections to a Report and Recommendation.

3

a matter of law, the plaintiff cannot establish that the grievance he filed against

C.O. Lindler was a substantial or motivating factor in C.O. Lindler's decision to

issue a misconduct report against the plaintiff on February 23, 2003. *See Rauser*

*v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (holding plaintiff in First Amendment

retaliation case must show a causal link between a protected activity and the

alleged retaliatory action).[2]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M.

Blewitt dated September 22, 2005, (Doc. 151) is **adopted**;

[2] the defendant's Motion for Summary Judgment (Doc. 126) is **granted**;

[3] the plaintiff's "Petition for a Writ of Habeas Corpus Ad Testificandum"

(Doc. 152), and Motion for Appointment of Counsel (Doc. 154), are **dismissed** as

moot;

[4] judgment is entered in favor of the defendant, C.O. Lindler, and against

the plaintiff, Keith Bartelli; and

[5] the Clerk of Court is directed to close this case, and forward a copy of

this Memorandum and Order to the Magistrate Judge.


s/Edwin M. Kosik<br>United States District Judge

---

[2]

The plaintiff filed two additional motions, a "Petition for a Writ of Habeas Corpus Ad Testificandum" (Doc. 152), and Motion for Appointment of Counsel (Doc. 154), after Magistrate Judge Blewitt entered the Report and Recommendation. Those motions are now moot.